JTW: 10.24.22
MCH: USAO 2022R00187

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND



| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL NO.** SAG-22-372 |
| | * | |
| **v.** | * | **(Conspiracy to Interfere with** |
| | * | **Commerce by Robbery, 18 U.S.C.** |
| **ERIC DAVON CREWS,** | * | **§ 1951(a); Interference with** |
| **SIDDIQ ALAIN REDD, and** | * | **Commerce by Robbery, 18 U.S.C.** |
| **ZAID EMMANUEL MORGAN** | * | **§ 1951(a); Carjacking, 18 U.S.C.** |
| | * | **§ 2119; Use, Carry, and Brandish a** |
| **Defendants.** | * | **Firearm During and in Relation to a** |
| | * | **Crime of Violence, 18 U.S.C.** |
| | * | **§ 924(c); Possession of a Firearm by a** |
| | * | **Felon, 18 U.S.C. § 922(g)(1); Aiding** |
| | * | **and Abetting, 18 U.S.C. § 2;** |
| | * | **Forfeiture, 18 U.S.C. §§ 924(d) and** |
| | * | **981(a)(1)(C), 21 U.S.C. § 853(p), 28** |
| | * | **U.S.C. § 2461(c))** |

*******

## INDICTMENT

### COUNT ONE
**(Conspiracy to Interfere with Commerce by Robbery (Hobbs Act Conspiracy))**

The Grand Jury for the District of Maryland charges that:

### Introduction

1.      At all times relevant to this Indictment, the Boost Mobile Store located at 7819

Wise Avenue, Dundalk, Maryland; the 7-Eleven Store located at 6700 Brentwood Avenue,

Baltimore, Maryland; the 7-Eleven Store located at 9820 Piscataway Road, Clinton, Maryland;

and the 24/7 Discount Tobacco Store located at 6701 Suitland Road, Morningside, Maryland, were

businesses engaged in interstate commerce.

2.      From a time unknown, but no later than in or about 2021, and continuing through

in or about January 2022, in the District of Maryland and elsewhere, the defendants,

**ERIC DAVON CREWS,**
**SIDDIQ ALAIN REDD, and**
**ZAID EMMANUEL MORGAN,**

did knowingly and intentionally combine, conspire, confederate, and agree with each other and with others known and unknown to the Grand Jury to obstruct, delay, and affect commerce, and attempt to obstruct delay, and affect commerce, as that term is defined in Title 18, United States Code, Section 1951, by robbery, as that term is defined in Title 18, United States Code, Section 1951, in that the defendants agreed to take and obtain money and property from the person and presence of employees of commercial stores against their will by means of actual and threatened force, violence, and fear of injury, immediate and future, to the employees by threatening serious physical injury and death to said employees.

## Manner and Means of the Conspiracy

3.      Among the manner and means by which the defendants and others conducted and participated in the conduct of the conspiracy were the following:

a.      It was part of the conspiracy that the defendants planned and organized robberies of businesses and carjackings to obtain money and property.

b.      It was further part of the conspiracy that the defendants committed carjackings.

c.      It was further part of the conspiracy that at least one defendant would use and brandish a firearm and other weapons to detain and threaten owners of vehicles during carjackings.

d.      It was further part of the conspiracy that the defendants used vehicles obtained during carjackings to commit robberies of commercial business.

e.      It was further part of the conspiracy that the defendants committed robberies

2

of commercial businesses.

f.      It was further part of the conspiracy that the defendants would use and brandish firearms to detain, threaten, and restrain employees of the businesses who were present during the robberies.

g.      It was further part of the conspiracy that a co-conspirator would serve as a getaway driver during the commercial robberies and carjackings.

h.      It was further part of the conspiracy that the defendants possessed and maintained firearms.

## Overt Acts

4.      On or about March 22, 2021, **CREWS** and at least one other coconspirator committed an armed carjacking of a Mercedes Benz automobile at a 7-Eleven store in Prince George's County, Maryland.    Co-conspirators brandished firearms and discharged a firearm during the carjacking.

5.      On or about March 23, 2021, **CREWS** and **REDD** possessed the carjacked Mercedes Benz automobile as well as firearms, including a firearm used to fire shots during the March 22, 2021 carjacking.

6.      On or about August 29, 2021, **CREWS** and conspirators committed a carjacking of a Volkswagen Passat automobile in Baltimore City, Maryland.    At least one coconspirator brandished a firearm during the carjacking.

7.      From on or about August 29, 2021 until on or about September 3, 2021, **CREWS, REDD**, and **MORGAN** possessed the Volkswagen Passat automobile stolen during the carjacking on August 29, 2021.

8.      On or about September 2, 2021, **CREWS** and **MORGAN** committed an armed

3

robbery of the Boost Mobile Store located at 7819 Wise Avenue, Dundalk, Maryland. **MORGAN** brandished a loaded firearm during and in relation to the robbery.

9.      On or about September 3, 2021, **CREWS** and **MORGAN** committed an armed robbery of the 7-Eleven Store located at 6700 Brentwood Avenue, Baltimore, Maryland. Members of the conspiracy brandished firearms during and in relation to the robbery.

10.     On or about September 18, 2021, **CREWS** and coconspirators committed a  carjacking of a BMW automobile in ~~Prince George's County~~ Baltimore, Maryland.

11.     On or about September 18, 2021, **CREWS** possessed the carjacked BMW.

12.     On or about December 20, 2021, **CREWS** and **REDD** committed an armed robbery of the 7-Eleven Store located at 9820 Piscataway Road, Clinton, Maryland.   A conspirator brandished a firearm during and in relation to the robbery.

13.     On or about December 27, 2021, **REDD** committed an armed robbery of the 24/7 Discount Tobacco Store located at 6701 Suitland Road, Morningside, Maryland.   A conspirator brandished a firearm during and in relation to the robbery.

18 U.S.C. § 1951(a)

4

## COUNT TWO
### (Carjacking)

The Grand Jury for the District of Maryland further charges that:

On or about March 22, 2021, in the District of Maryland, the defendant,

### ERIC DAVON CREWS,

by force, violence, and intimidation, and with the intent to cause death and serious bodily harm,

did take from the person and in the presence of another a motor vehicle that had been transported,

shipped, and received in interstate and foreign commerce, to wit, a Mercedes Benz automobile,

bearing Maryland license tag number 9EG1936.

18 U.S.C. § 2119
18 U.S.C. § 2

## COUNT THREE
### (Use, Carry, Brandish, and Discharge a Firearm During and in Relation to a Crime of Violence)

The Grand Jury for the District of Maryland further charges that:

On or about March 22, 2021, in the District of Maryland, the defendant,

## ERIC DAVON CREWS,

did knowingly use, carry, brandish, and discharge a firearm during and in relation to a crime of

violence for which the defendant may be prosecuted in a court of the United States, that is,

Carjacking, in violation of Title 18, United States Code, Section 2119, as charged in Count Two

of this Indictment, which is incorporated by reference herein.

18 U.S.C. § 924(c)(1)(A)
18 U.S.C. § 2

## COUNT FOUR
### (Possession of Firearm by a Prohibited Person)

The Grand Jury for the District of Maryland further charges that:

On or about March 23, 2021, in the District of Maryland, the defendant,

### ERIC DAVON CREWS,

knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a firearm and ammunition, to wit: (1) a Glock Model 43X 9mm handgun, serial number BLYN989, loaded with 8 rounds of ammunition, (2) an AM-15 rifle, 16100463, loaded with two rounds of ammunition, and (3) five rounds of 9mm ammunition, and the firearm and ammunition were in and affecting commerce.

18 U.S.C. § 922(g)

## COUNT FIVE
### (Interference with Commerce by Robbery (Hobbs Act Robbery))

The Grand Jury for the District of Maryland further charges that:

1.      The allegations in Paragraph 1 of Count One are incorporated by reference as if fully restated herein.

2.      On or about September 2, 2021, in the District of Maryland, the defendants,

## ERIC DAVON CREWS and
## ZAID EMMANUEL MORGAN,

did knowingly obstruct, delay, and affect commerce, as that term is defined in Title 18, United States Code, Section 1951, in that the defendants unlawfully did take and obtain money from the person and presence of an employee of the Boost Mobile Store at 7819 Wise Avenue, Dundalk, Maryland, against the employee's will by means of actual and threatened force, violence, and fear of injury, immediate and future, to the employee's person by brandishing a firearm and threatening serious physical injury or death to said employee.

18 U.S.C. § 1951(a)
18 U.S.C. § 2

## COUNT SIX
### (Use, Carry, and Brandish a Firearm
### During and in Relation to a Crime of Violence)

The Grand Jury for the District of Maryland further charges that:

On or about September 2, 2021, in the District of Maryland, the defendants,

### ERIC DAVON CREWS and
### ZAID EMMANUEL MORGAN,

did knowingly use, carry, and brandish a firearm during and in relation to a crime of violence for

which the defendants may be prosecuted in a court of the United States, that is, Interference with

Commerce by Robbery, in violation of Title 18, United States Code, Section 1951(a), as charged

in Count Five of this Indictment, which is incorporated by reference herein.

18 U.S.C. § 924(c)(1)(A)
18 U.S.C. § 2

## COUNT SEVEN
### (Interference with Commerce by Robbery (Hobbs Act Robbery))

The Grand Jury for the District of Maryland further charges that:

1.      The allegations in Paragraph 1 of Count One are incorporated by reference as if fully restated herein.

2.      On or about September 3, 2021, in the District of Maryland, the defendants,

**ERIC DAVON CREWS and
ZAID EMMANUEL MORGAN,**

did knowingly obstruct, delay, and affect commerce, as that term is defined in Title 18, United States Code, Section 1951, in that the defendants unlawfully did take and obtain money and property from the person and presence of an employee of the 7-Eleven Store at 6700 Brentwood Avenue, Baltimore, Maryland, against the employee's will by means of actual and threatened force, violence, and fear of injury, immediate and future, to the employee's person by brandishing a firearm and threatening serious physical injury or death to said employee.

18 U.S.C. § 1951(a)
18 U.S.C. § 2

## COUNT EIGHT
### (Use, Carry, and Brandish a Firearm
### During and in Relation to a Crime of Violence)

The Grand Jury for the District of Maryland further charges that:

On or about September 3, 2021, in the District of Maryland, the defendants,

### ERIC DAVON CREWS and
### ZAID EMMANUEL MORGAN,

did knowingly use, carry, and brandish a firearm during and in relation to a crime of violence for

which the defendants may be prosecuted in a court of the United States, that is, Interference with

Commerce by Robbery in violation of Title 18, United States Code, Section 1951(a), as charged

in Count Seven of this Indictment, which is incorporated by reference herein.

18 U.S.C. § 924(c)(1)(A)
18 U.S.C. § 2

## COUNT NINE
### (Interference with Commerce by Robbery (Hobbs Act Robbery))

The Grand Jury for the District of Maryland further charges that:

1.    The allegations in Paragraph 1 of Count One are incorporated by reference as if fully restated herein.

2.    On or about December 20, 2021, in the District of Maryland, the defendants,

**ERIC DAVON CREWS and
SIDDIQ ALAIN REDD,**

did knowingly obstruct, delay, and affect commerce, as that term is defined in Title 18, United States Code, Section 1951, in that the defendants unlawfully did take and obtain money from the person and presence of an employee of the 7-Eleven Store at 9820 Piscataway Road, Clinton, Maryland, against the employee's will by means of actual and threatened force, violence, and fear of injury, immediate and future, to the employee's person by brandishing a firearm and threatening serious physical injury or death to said employee.

18 U.S.C. § 1951(a)
18 U.S.C. § 2

## COUNT TEN
### (Use, Carry, and Brandish a Firearm
### During and in Relation to a Crime of Violence)

The Grand Jury for the District of Maryland further charges that:

On or about December 20, 2021, in the District of Maryland, the defendants,

### ERIC DAVON CREWS and
### SIDDIQ ALAIN REDD,

did knowingly use, carry, and brandish a firearm during and in relation to a crime of violence for

which the defendants may be prosecuted in a court of the United States, that is, Interference with

Commerce by Robbery, in violation of Title 18, United States Code, Section 1951(a), as charged

in Count Nine of this Indictment, which is incorporated by reference herein.

18 U.S.C. § 924(c)(1)(A)
18 U.S.C. § 2

13

## COUNT ELEVEN
### (Interference with Commerce by Robbery (Hobbs Act Robbery))

The Grand Jury for the District of Maryland further charges that:

1.      The allegations in Paragraph 1 of Count One are incorporated by reference as if fully restated herein.

2.      On or about December 27, 2021, in the District of Maryland, the defendant,

### SIDDIQ ALAIN REDD,

did knowingly obstruct, delay, and affect commerce, as that term is defined in Title 18, United States Code, Section 1951, in that the defendants unlawfully did take and obtain money and property from the person and presence of employees of the 24/7 Discount Tobacco Store located at 6701 Suitland Road, Morningside, Maryland, against the employees' will by means of actual and threatened force, violence, and fear of injury, immediate and future, to the employee's person by brandishing a firearm and threatening serious physical injury or death to said employees.

18 U.S.C. § 1951(a)
18 U.S.C. § 2

## COUNT TWELVE
### (Use, Carry, and Brandish a Firearm
### During and in Relation to a Crime of Violence)

The Grand Jury for the District of Maryland further charges that:

On or about December 27, 2021, in the District of Maryland, the defendant,

## SIDDIQ ALAIN REDD,

did knowingly use, carry, and brandish a firearm during and in relation to a crime of violence for

which the defendants may be prosecuted in a court of the United States, that is, Interference with

Commerce by Robbery, in violation of Title 18, United States Code, Section 1951(a), as charged

in Count Eleven of this Indictment, which is incorporated by reference herein.

18 U.S.C. § 924(c)(1)(A)
18 U.S.C. § 2

## COUNT THIRTEEN
### (Possession of Firearm by a Prohibited Person)

The Grand Jury for the District of Maryland further charges that:

On or about January 26, 2022, in the District of Maryland, the defendant,

### ERIC DAVON CREWS,

knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a firearm and ammunition, to wit: a Glock Model 22, .40 caliber, handgun, serial number XUH870, and ammunition, and the firearm and ammunition were in and affecting commerce.

18 U.S.C. § 922(g)

## FORFEITURE ALLEGATION

The Grand Jury for the District of Maryland further finds that:

1.       Pursuant to Rule 32.2, Fed. R. Crim. P., notice is hereby given to the defendants that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. §§ 924(d) and 981(a)(1)(C), 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c), in the event of the defendants' conviction(s) on any of the offenses set forth in Counts One through Thirteen of this Indictment.

### Hobbs Act Robbery Forfeiture

2.       Upon conviction of any of the offenses set forth in Counts One, Five, Seven, Nine, or Eleven, the defendants,

**ERIC DAVON CREWS,
SIDDIQ ALAIN REDD, and
ZAID EMMANUEL MORGAN,**

shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense(s) of conviction.

### Carjacking Forfeiture

3.       Upon conviction of the offense set forth in Count Two, the defendant,

**ERIC DAVON CREWS,**

shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(5), any property, real or personal, which represents or is traceable to the gross proceeds obtained, directly or indirectly, as a result of such violation.

### Firearms and Ammunition Forfeiture

4.    Upon conviction of an offense alleged in Counts One through Thirteen, the defendants,

**ERIC DAVON CREWS,
SIDDIQ ALAIN REDD, and
ZAID EMMANUEL MORGAN,**

shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), any firearms and ammunition involved in such offense(s).

### Property Subject to Forfeiture

5.    The property to be forfeited includes, but is not limited to, the following:

a.  a Glock Model 43X 9mm handgun, serial number BLYN989, loaded with approximately 8 rounds of ammunition;

b.  a Polymer 80 9mm handgun without serial number, loaded with approximately 5 rounds of ammunition;

c.  an AM-15 rifle, serial number 16100463, loaded with approximately two rounds of ammunition;

d.  a money judgment in the amount of proceeds each defendant obtained as the result of his convictions.

### Substitute Assets

6.    Pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), if any of the property described above as being subject to forfeiture, as a result of any act or omission by the Defendant:

a.  cannot be located upon the exercise of due diligence;

b.  has been transferred or sold to, or deposited with, a third person;

c.  has been placed beyond the jurisdiction of the Court;

d.  has been substantially diminished in value; or

e.  has been comingled with other property which cannot be divided without

difficulty,

it is the intent of the United States to seek forfeiture of any other property of the Defendant up to

the value of the forfeitable property described above.

18 U.S.C. § 924(d)
18 U.S.C. § 981(a)(1)(C)
21 U.S.C. § 853(p)
28 U.S.C. § 2461(c)

_Erek L. Barron/wcb_

EREK L. BARRON
UNITED STATES ATTORNEY

A TRUE BILL:

**SIGNATURE REDACTED**

FOREPERSON

10/27/2022

DATE

19