# PURPURA & PURPURA
## ATTORNEYS AT LAW

**William B. Purpura***      *THE BONAPARTE BUILDING*      **Christopher J. Purpura**
wpurpura@purpuralaw.com      *8 E. MULBERRY STREET*      cpurpura@purpuralaw.com
* Admitted in MD, CA &      *BALTIMORE, MARYLAND 21202*
   US District Ct., DC      *PHONE: 410-727-8550*
     *FAX: 410-576-9351*

February 11, 2025

The Honorable Stephanie A. Gallagher
United States District Court Judge
District of Maryland
101 W. Lombard Street
Baltimore, Maryland 21201

     Re:     United States of America v. Zaid Morgan
               Criminal No.:   SAG-22-0372

Dear Judge Gallagher:

     I write to give the Court a better understanding of the sentencing factors relevant to Mr. Morgan's sentencing currently scheduled for March 5, 2025.  Mr. Morgan entered a guilty plea to Count Seven and Eight of the Indictment charging him with Hobbs Act Robbery in violation of 18 U.S.C. 1951(a), and Use, Carry, and Brandish a Firearm During and in Relation to a Crime of Violence in violation of 18 U.S.C. 924(c) respectively.  At sentencing, Mr. Morgan will respectfully request that this Honorable Court impose a reasonable and variant sentence after considering all 18 U.S.C. 3553 factors.

**Guideline Issues and Analysis/ the Presentence Report.**

     Counsel has had an opportunity to provide Mr. Morgan a copy of the Presentence Report and review the PSR with him.

     As outlined in Paragraph 6(c) of the plea agreement, there is a dispute between the parties regarding two sentencing guideline enhancements.  Mr. Morgan objects to the 2 level enhancement for "bodily injury" (U.S.S.G. 2B3.1(b)(3)(A)) applied to Stipulated Conduct (Count 5 of the Indictment) as outlined in Paragraph 25 of the PSR.  Mr. Morgan also objects to a 2 level enhancement for "physical restraint" (U.S.S.G. 2B3.1(b)(4)(B).

     "Bodily Injury" is defined by U.S.S.G. 1B1.1(B) and means any significant injury; e.g., an injury that is painful and obvious, or is of a type for which medical attention ordinarily would be sought.  As outlined in Attachment A to the Plea Agreement, the injury sustained by the female customer in the Boost Mobile Store on September 2, 2021 is described as a laceration to the ear.  It is unclear whether this laceration was significant or more superficial like a cut or a scratch.  It is unknown whether medical attention was sought or necessary.

1

"Physical Restraint" is defined by U.S.S.G. 1B1.1(L) and means the forcible restraint of the victim such as by being tied, bound, or locked up. As outlined in Attachment A to the Plea Agreement the physical restraint stems from the allegation that Mr. Morgan grabbed a female customer of Boost Mobile and held her a gunpoint. Mr. Morgan suggests that this conduct falls short of the conduct outlined in the United States Sentencing Guidelines.

With the exception of the objections outlined above, the guidelines as calculated in the PSR are accurate with respect to Count Seven and the related conduct. The guideline for Count Eight is the mandatory minimum, 84 months.

Mr. Morgan has five criminal history points placing him in criminal history category III. Depending on how this Honorable Court rules on the enhancement arguments outlined above, Mr. Morgan's guidelines for Count Seven will be (87-108), (70-87), or (57-71) months and a consecutive 84 month sentence will apply for Count Eight. A sentence of this length is unnecessary, and a variant sentence is appropriate.

**18 U.S.C. 3553 Factors**

Through his guilty plea, Mr. Morgan has accepted responsibility for his actions. He did not choose to litigate motions or put the government to their burden at trial. He has agreed with the facts outlined in the plea agreement. Obviously, the offense(s) to which Mr. Morgan pled guilty are serious. Mr. Morgan played an active role in two commercial robberies. These robberies occurred over a very short period, while Mr. Morgan was high on marijuana and cocaine. It is not alleged that Mr. Morgan continued with this conduct after the two incidents. Mr. Morgan was arrested on the instant offense on February 22, 2022 and has been detained since.

Mr. Morgan has lived a transient life. He will turn fifty (50) years old shortly after sentencing. He was born and raised in Washington D.C. by his parents, Rose and James Morgan, both now deceased. His parents struggled with substance abuse issues, specifically heroin addition, that lead to on and off incarceration. His parents eventually separated before his mother passed when he was in his early 20's. Mr. Morgan has two older siblings. It appears that his upbring was difficult.

Mr. Morgan reports that he managed to get to the 12th grade but never graduated. He has not obtained his GED. It is interesting to note that Ms. Williams, his older sister, reports that she does not believe that he went to school much past the 8th grade. Mr. Morgan suffered from depression his entire life. More recently he was diagnosed with Bi-polar disorder and ADHD. It is likely that these issues plagued him well before the recent diagnosis. Ms. Williams recalls that their mother always said that Zaid was "emotionally disturbed", but therapy was never sought. A mental health evaluation and treatment would seem appropriate. Complicating his upbringing, Mr. Morgan was born with an eye disease that has left him legally blind since birth, which like impacted education and has impacted employment opportunities.

Mr. Morgan has no children. He has been in an intermittent relationship with Veronica Lake for some time. However, when they are not together, Mr. Morgan is essentially homeless.

2

He would wander, staying the occasional night with his sister. He has been unemployed since 2007 and prior to that he would work odd jobs or briefly through a temp agency. He could benefit from vocational training.

Mr. Mixon has a stable life now. He has been in a relationship with Shavon McNeil for ten years now. Mr. Mixon and Ms. McNeil reside in Towson, Maryland, in a stable residence. Mr. Mixon has one child, a ten (10) year old daughter Brilyn, from a prior relationship. Mr. Mixon is very involved in his daughter's upbringing and the two share a positive relationship.

Mr. Mixon matriculated through the Baltimore City Public School System. However, he did not complete high school due to behavioral issues. It does not appear that he has received his GED. Mr. Mixon could benefit from educational programming within the Bureau of Prisons. Mr. Mixon was diagnosed with hypertension in 2021. This represents his only medical issue that needs to be addressed by the BOP. He does not suffer from any mental health disorder. Mr. Mixon began using marijuana and alcohol socially at 16. It does not appear to present a significant issue. However, he has not ever benefited from drug and/or alcohol education or treatment. Mr. Mixon could benefit from vocational training while in the BOP. He has had a recent employment history working as a security officer for Harvest Fare since May 2023. He previously worked for the same employer in 2019-2020. He has also worked as a part-time banquet server for a short period of time.

Beginning at least by the age of 18, Mr. Morgan has essentially been incarcerated for a short jail sentence or on some form of court ordered supervision. None of his convictions appear to be overly serious nor have been the sentences he has received. He has misdemeanor convictions for possession of controlled substances, trespass, simple assault, escape, destruction of property, telephone misuse, and theft. Many of those sentences were several months incarceration. His lone felony conviction for PWID resulted in a largely suspended sentence. The sentence in this case will undoubtably be much longer than any previously imposed.

Mr. Morgan was charged by way of Indictment with two other individuals, Eric Crews and Siddiq Redd. While both codefendants have entered guilty pleas, it appears that at the time of Mr. Morgan's sentencing only Mr. Redd will have been sentenced. Mr. Redd received a 108-month sentence. Mr. Morgan understands that Mr. Redd is young and had no criminal history at the time of the offense. Mr. Redd and Mr. Crews were arrested on March 23, 2021, exiting a vehicle that was carjacked the day prior by at least Mr. Crews. Multiple firearms were recovered. Both were somehow released from custody pending trial. Mr. Crews went on to commit a second carjacking on August 29, 2021. This was the vehicle used to commit the robberies Mr. Morgan has pled guilty to. Mr. Crews was the driver and likely the organizer of the September 2, 2021, Boost Mobile robbery, which Mr. Morgan committed. The following day, the same vehicle was used to commit a robbery at a 7-Eleven in Baltimore. Mr. Morgan and another coconspirator, likely Mr. Redd, entered the store, while Mr. Crews the organizer stayed in the vehicle. The vehicle was eventually found, and the prints of Mr. Redd, Mr. Crews, and Mr. Morgan were recovered. After this incident, Mr. Morgan's conduct stopped, while Mr. Redd and Mr. Crews continued to escalate their behavior. Mr. Redd participated in at least two additional robberies in December 2021, one of which resulted in the beating of a store employee. Mr. Crews participated in another armed carjacking on September 18, 2021, and in at least one

additional robbery with Mr. Redd, on December 20, 2021.  When finally arrested in January 2022, Mr. Crews was in possession of not one, but two firearms.  A sentence consistent with which Mr. Redd received is appropriate.

## Conclusion

Mr. Morgan respectfully requests that a sentence consistent with the sentence received Mr. Redd is appropriate.  Mr. Morgan is advanced in age and should know better, but he has mental health, substance abuse and other physical issues that warrant a variant sentence. This type of sentence will send a significant message that this behavior will not be tolerated.  It will afford Mr. Morgan an opportunity to get treatment, mental health and substance abuse, and vocational training.  This type of sentence will keep Mr. Morgan both incarcerated and on supervised release well into his 60's.  A sentence of 108 months is reasonable, just and not greater than necessary to satisfy the mandate of 18 U.S.C. 3553.

Respectfully submitted,

_____/s/_____
Christopher J. Purpura
Law Office of Purpura & Purpura
8 E. Mulberry Street
Baltimore, Maryland 21202
410-727-8550
cpurpura@pupuralaw.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY, that a copy of the foregoing was delivered to counsel for the government via ECF.

_____/s/_____
Christopher J. Purpura

4